# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**LARRY DONNELL LEWIS,**                                                 **PETITIONER**

**V.**                                                                   **NO. 2:05CV80-P-B**

**PETE MISSKELLY, ET AL.**                                            **RESPONDENTS**

## REPORT AND RECOMMENDATION

This *pro se* habeas corpus petition was filed pursuant to 28 U.S.C. § 2254. Petitioner was tried and convicted in the Circuit Court of Panola County of one count of aggravated assault and simple assault. On June 30, 2003, he was sentenced to serve 15 years on the aggravated assault charge and six months on the simple assault charge, with the sentences to run concurrently. Petitioner appealed his judgment of conviction and sentence, assigning as error the following:

> 1) Whether the trial court erred in granting jury instruction C-9, which effectively amended the indictment from aggravated assault to attempted aggravated assault.
>
> 2) Whether the sentence was excessive and constituted cruel and unusual punishment.

On September 21, 2004, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion, in *Lewis v. State,* 897 So.2d 994 (Miss.App.2004), *reh'g denied* (Miss.App. Dec. 14, 2004) (2003-KA-01532-COA), *cert. denied* (Miss. March 31, 2005) (2003-CT-01532-SCT).

In the petition before the court Lewis raises the following issues:

**Ground 1 -** The trial court erred by amending the indictment when granting jury instruction C-9, also called S-1, resulting in prejudice that violated petitioner's rights.

**Ground 2** - The sentence of 15 years was too severe and disproportionate for the crime.[1]

The claims in Grounds 1 and 2 were raised on direct appeal to the Mississippi Court of Appeals and denied on the merits. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and because the issues in Grounds 1 and 2 were decided on the merits, habeas relief cannot be granted on these issues. *See* 28 U.S.C. §2254(d) and §2254(e)(1).

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). Subsection (d)(1) applies to mixed questions of law and fact. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 1999). Subsection (d)(2) applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Petitioner's claims involve mixed questions of law and fact. Therefore, subsection (d)(1) of §2254 governs the claim and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than de novo review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

---

[1] Petitioner raises a third ground, regarding the amendment of the indictment. Since that ground is also raised in Ground 1 it will not be addressed as a separate issue herein.

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 120 S.Ct. at 1523. In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Id*. In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. In other words, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was **objectively** unreasonable." *Id.* at 1521 (emphasis added). The *Williams* Court pointed out that an **unreasonable** application of federal law is different from an **incorrect** application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect." *Id.* at 1522.

Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id. See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000)*; Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000). Furthermore, findings of

fact made by the state court are presumed correct, and the petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

In Ground 1, Lewis asserts that the trial court erred by amending the indictment when granting jury instruction C-9, resulting in prejudice that violated petitioner's rights. Petitioner raised this issue on direct appeal and the Mississippi Court of Appeals found it to be without merit.

Generally, challenges to jury instructions may not form a basis for federal habeas corpus relief. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19, 124 L.Ed.2d 306, 318 (1993). Unless a petitioner establishes that an improper instruction rose to the level of a constitutional violation, habeas corpus will not lie to set aside the conviction. *Id.* at 2121.

Petitioner fails to meet this burden and his assertions are not supported by the state court record in this matter. Lewis asserts that Instruction C-9 effectively amended the indictment for aggravated assault to attempted aggravated assault. Lewis also asserts that doing so was improper because he was not properly notified of the nature and cause of the accusation against him. Further, Lewis claims that the State then failed to prove the element of the indictment of serious bodily injury.

The relevant portion of Lewis' indictment states:

> That, Larry Lewis, . . . did wilfully, unlawfully, and feloniously strike Jada Miller. Larry Lewis purposely caused serious bodily injury to Jada Miller. Larry Lewis acted under circumstances manifesting extreme indifference to the value of human life, in direct violation of Section 97-3-7(2)(a), Mississippi Code 1972 Annotated**,** as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

Miss. Code. § 97-3-7(2)(a) provides that "a person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or

4

recklessly under circumstances manifesting extreme indifference to the value of human life.... "

Jury Instruction #9 states:

In Count 1, the Defendant, Larry Lewis, is charged with the crime of Aggravated Assault.
If the Jury finds from the evidence in this case, beyond a reasonable doubt, that:
1.) On or about June 18, 2002, Larry Lewis did purposely, knowingly or recklessly attempt to cause serious bodily injury to Jada Miller under circumstances manifesting extreme indifference to the value of human life;
2.) by striking Jada Miller;
then the jury shall find Larry Lewis guilty as charged in Count 1.
If the State has failed to prove any one of more of these elements beyond a reasonable doubt, then the Jury shall find the Defendant not guilty.

The language in the instruction clearly tracks the language of the indictment and the statute. Lewis was charged with aggravated assault and found guilty of the same. Further, the Mississippi Court of Appeals' finding that this issue is without merit was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Therefore, habeas relief is not warranted as to Ground 1.

In Ground 2, Lewis argues that the sentence of fifteen 15 years was too severe and disproportionate for the crime.[2] The Mississippi Court of Appeals reviewed Lewis' claim on direct appeal and found it to be without merit. The supreme court has held that sentencing is within the discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute. *Hoops v. State*, 681 So.2d 521, 537 (Miss.1996). The supreme court in *Stromas v. State*, 618 So.2d 116 (Miss.1993), addressed the situation where a sentence was within the prescribed statutory limits. In *Stromas*, the supreme court stated:

---

[2]Miss. Code Ann.§97-3-7(2) provides for imprisonment up to twenty 20 years.

> Though no sentence is "per se" constitutional, this Court in the context of our habitual statutes as well as in sentencing other offenders, has recognized the broad authority of the legislature and trial court in this area and had repeatedly held that where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual. [*Id.* at 123-24]
> The maximum sentence for aggravated assault is twenty years. Miss. Code Ann. §97-3-7(2) (Supp.2003). As Lewis received fifteen years, we cannot find that his sentence was excessive or disproportionate to the crime. This issue is without merit. [*Lewis*, 897 So.2d at 997]

In *Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)*, the United States Supreme Court addressed whether habeas relief was warranted on a claim that a state sentence violated the Eighth Amendment. As the Court discussed, there is no "clear or consistent path for courts to follow" in determining whether a sentence violates the Eighth Amendment. *Lockyer,* 123 S.Ct. at 1173. However, throughout the Eighth Amendment jurisprudence emerging from the Court, "one governing legal principle emerges as 'clearly established' under § 2254(1): A gross disproportionality principle is applicable to sentences for terms of years." *Id.* Moreover, the Court noted that even this disproportionality principle is unclear; however, what is clear is that the gross proportionality principle is applicable only in "'exceedingly rare' and 'extreme' cases." *Id.* (citations omitted).

A further review of the facts of the case sub judice reveals that the state court was correct in upholding the sentence imposed in this case because it does not fall into the "exceedingly rare" or "extreme" cases as discussed in *Lockyer*. Lewis was sentenced to serve 15 years, with five years post-release supervision. Lewis' sentence clearly did not exceed the statutory maximum of 20 years. In sentencing Lewis, the trial court considered the evidence presented, Lewis' previous criminal history, including a prior conviction for aggravated assault in which he was sentenced to 15 years with 10 suspended, Lewis' history of violence toward women, and his violent attempt to flee the

courtroom after the verdict was read in this case. In light of the entire record and the fact that the sentence is well within the statutory guidelines, Lewis' sentence is not "grossly disproportionate." The decision by the state court upholding that trial court's sentence was not an unreasonable application of law to the facts of this case. Accordingly, habeas relief is not warranted on Lewis' claim in Ground 2.

Lewis presents nothing in the petition sub judice to establish that the state court's adverse determination of petitioner's issues resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d 414, 421 (5th Cir. 2002).

In summary, petitioner has presented nothing which warrants habeas corpus relief. Accordingly, it is recommended that the petition be denied and the cause dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 10 days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within 10 days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3rd 1415 (5th. Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten 10 days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of his lawsuit under Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this the 16th day of May, 2006.

    /s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE